UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

| | |
|---|---|
| AMERICAN TECHNOLOGY, INC., a Nevada corporation,<br><br>                Plaintiff,<br><br>vs.<br><br>ALTIMA COMPUTERS, INC., a Florida corporation, COOLERGUYS.COM, INC. a Nevada corporation, CPUTOPIA, LLC, a Nevada limited liability company, FRONTIERPC.COM COMPUTER LLC, a Delaware limited liability company, IC INTRACOM HOLDINGS, LLC, a Florida limited liability company, LINKDAT, INC., a Florida corporation, MARLIN P. JONES & ASSOCIATES, INC., a Florida corporation, NAC GROUP, INC., a Florida corporation, OUTLET PC.COM, a Nevada corporation, VELOCITY MICRO, INC., a Virginia corporation, CYBERTRON INTERNATIONAL, INC., a Kansas corporation, AMERICAN FUTURE TECHNOLOGY CORPORATION, a California corporation, SILICON MOUNTAIN HOLDINGS, INC., a Colorado corporation, FROZENCPU.COM, a New York corporation, and RAIDMAX TECH, INC., a California corporation,<br><br>                Defendants. | Case No. 6:10-cv-488-Orl-22GJK |

**MOTION OF THE DEFENDANT, NAC GROUP, INC.,
TO DISMISS COMPLAINT FOR FAILURE TO STATE
A CLAIM UPON WHICH RELIEF MAY BE GRANTED**

The defendant, NAC GROUP, INC. ('NAC'), by and through the

undersigned counsel, and pursuant to Rules 7(b) and 12(b)(6) of the Federal

Rules of Civil Procedure and Rule 3.01 of the Local Rules for the Middle District of Florida, hereby moves this court for an order dismissing the complaint for failure to state a claim upon which relief can be granted. As grounds for this motion, NAC would assert that the complaint fails to identify specific products accused of infringement or to provide other specific facts necessary for the asserted claims.

## Memorandum of Legal Authority in Support of the Request

### I. Introduction

"To survive a motion to dismiss, a complaint must contain suffiicent factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal,* 129 S.Ct. 1937, 1949 (2009) (*quoting Bell Atlantic Corporation v. Twombly,* 550 U.S. 544, 570 (2007)). The complaint (Doc. 1)[1] filed by the plaintiff, American Technology, Inc. ('ATI'), does not contain facts sufficient to identify a specific product or products accused of infringement, as required by the Federal Circuit in *McZeal v. Sprint Nextel Corporation,* 501 F.3d 1354 (Fed. Cir. 2007). In the absence of such specific factual allegations, certified under Rule 11 of the Federal Rules of Civil Procedure as having or being likely to enjoy evidentiary support, ATI's complaint should not proceed past the pleading stage under the facts of this case without amendment.

---

[1] The abbreviation 'Doc.' shall be used to refer to the docket entries in this action.

The inability of ATI to allege sufficient facts in its complaint may have been the product of a failure to perform a sufficient pre-filing Rule 11 investigation.[2] The resulting complaint is simply too conclusory to provide "fair notice" of the basis of ATI's claim that NAC infringed the '512 Patent. Nowhere in the complaint does ATI specify, with the requisite level of factual detail, the particular product or line of products that allegedly infringe the '512 Patent. Rather, it lumps the respective products of the fifteen defendants together, referring to them only in the most generic terms as "cooling devices and assemblies that embody or otherwise practice one or more of the claims of the '512 Patent."

ATI appears to be speculating that NAC and the other fourteen defendants it has sued are selling products that contain the cold plate assembly falling within the claims of its patent. Its approach could be compared to that of

---

[2] Pursuant to Rule 11, counsel for a plaintiff is obligated to "compare the accused device with the construed patent claims." *Antonious v. Spalding & Evenflo Companies, Inc.,* 275 F.3d 1066, 1073-74 (Fed. Cir. 2002) (Rule 11 requires "actual evidence uncovered during the pre-filing investigation, that each claim limitation reads on the accused device"). "The presence of an infringement analysis plays the key role in determining the reasonableness of the pre-filing inquiry made in a patent infringement case under Rule 11." *Q-Pharma, Inc. v. Andrew Jergens Company,* 360 F.3d 1295, 1302 (Fed. Cir. 2004) *(quoting View Engineering, Inc. v. Robotic Vision Systems, Inc.,* 208 F.3d 981, 986 (Fed. Cir. 2000). A reasonable Rule 11 pre-suit investigation thus implicitly requires a plaintiff to first identify the allegedly infringing devices. *S. Bravo Systems, Inc. v. Containment Technologies Corporation,* 96 F.3d 1372, 1375 (Fed. Cir. 1996). Moreover, the plaintiff should obtain a sample or copy of the accused device unless there is an adequate explanation for failing to do so. *See Judin v. United States,* 110 F.3d 780, 784 (Fed. Cir. 1997). Assuming ATI complied with Rule 11, there is no acceptable reason for ATI to withhold this information from NAC in its pleading. ATI's failure to comply with *Iqubal* and *Twombly* creates material inequitable consequences for NAC, such as limiting its right to pursue indemnification from third parties and even to know what, if anything, to stop selling in order to try to avoid claims of willful infringement.

a patentee with a patent on a special type of light bulb who sues everyone on his street who has lights on in their homes at night on the assumption that one or more of his neighbors will be using his special light bulb. Such an approach to federal litigation is wholly insufficient: "Where a complaint pleads facts that are merely consistent with a defendant's liability, it stops short of the line between possibility and plausibility of entitlement to relief." *Ibqual,* 129 S.Ct. at 1949 (quotations omitted).

The '512 Patent appears to involve a particular configuration for a cold plate assembly intended to remove heat from certain computer components. The spectrum of integral and peripheral means of keeping heat of computer components at safe operational levels – what ATI casually characterizes as "cooling devices and assemblies" – is wide and highly varied, a fact acknowledged in the "Background of the Invention" section of the '512 patent itself. ATI's complaint lacks factual allegations to support a conclusion that any given product carried by NAC contains the particular cold plate assembly claimed by ATI. At best, its conclusory allegations are "merely consistent with" liability – that NAC sells "cooling devices and assemblies." (*See, e.g.,* Doc. 1 at ¶ 24). This is no different that alleging that someone is at home with the lights on and must therefore be infringing by using a special patented light bulb to illuminate his home. Alleging that NAC sells "cooling devices and

assemblies" says nothing about whether the myriad of available cooling devices and assemblies it may sell, if any, use ATI's patented technology.

"A patent suit can be an expensive proposition. Defending against baseless claims of infringement subjects the alleged infringer to undue costs." *View Engineering, Inc. v. Robotic Vision Systems, Inc.*, 208 F.3d 981, 986 (Fed Cir. 2000). ATI's complaint lacks factual allegations about any specific products, verified under Rule 11 as having or being likely to have evidentiary support, and showing that such products, in fact, utilize the technology ATI claims as its own. ATI has not made factual allegations that support a conclusion that any specific product of NAC practices one or more of the claims of the '512 Patent, much less any of the required elements of induced infringement. The complaint should therefore be dismissed.

## II. Argument

**A. Standard for Dismissal.**

In considering a motion to dismiss for failure to state a claim upon which relief may be granted under Rule 12(b)(6), the Court must accept all factual allegations in a complaint as true and take them in the light most favorable to the plaintiff. *Erickson v. Pardus,* 551 U.S. 89, 94, 127 S.Ct. 2197, 2200 (2007). Moreover, the Court must limit its consideration to the complaint and the written instruments attached to it as exhibits. Rule 12(d), Fed.R.Civ.P.; *GSW, Inc. v. Long County, Georgia,* 999 F.2d 1508, 1510 (11th Cir.1993). The Rule 8 pleading

standards have been refined by the Supreme Court and although it remains the case that in deciding a Rule 12(b)(6) motion to dismiss, a plaintiff's allegations must be accepted as true, the standard for dismissing claims in federal court no longer dictates that a complaint be dismissed only if "it appears beyond doubt that the plaintiff can prove no set of facts ... which would entitle him to relief," as set forth in *Conley v. Gibson,* 355 U.S. 41, 45-46, 78 S.Ct. 99 (1957). Now, to withstand a motion to dismiss, a plaintiff must plead "enough facts to state a claim for relief that is plausible on its face," and where a plaintiff "ha[s] not nudged [his] claims across the line from conceivable to plausible, [his] complaint must be dismissed." *Bell Atlantic Corporation v. Twombly,* 550 U.S. 544, 570, 127 S.Ct. 1955, 1974 (2007). To determine whether a plaintiff has accomplished this, the Court engages in a two-step approach: "[w]hen there are well-pleaded factual allegations, a court should assume their veracity and then determine whether they plausibly give rise to an entitlement to relief." *Ashcroft v. Iqbal,* --- U.S. ----, 129 S.Ct. 1937, 1950 (2009); *John M. Floyd & Associates, Inc. v. First Florida Credit Union*, 2010 WL 1793901, *2 (M.D. Fla., 2010)

To meet the requirements of Rule 8 of the Federal Rules of Civil Procedure, a plaintiff must allege facts that, if true, would demonstrate entitlement to relief. *Twombly,* 550 U.S. at 554-55; *see also Iqbal*, 129 S. Ct. at 1950-51. Indeed, in *Iqbal* the Supreme Court left no doubt that a complaint must contain *facts,* and not merely legal conclusions:

> To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to "state a claim to relief that is plausible on its face." A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged. The plausibility standard is not akin to a "probability requirement," but it asks for more than a sheer possibility that a defendant has acted lawfully. Where a complaint pleads facts that are "merely consistent with" a defendant's liability, it "stops short of the line between possibility and plausibility of 'entitlement to relief.'"…
>
> [T]he tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions. Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice…Rule 8 marks a notable and generous departure from the hyper-technical, code-pleading regime of a prior era, but it does not unlock the doors of discovery for a plaintiff armed with nothing more than conclusions.

*Iqbal,* 129 S. Ct. at 1949-1951 (internal citations omitted).

Patent infringement cases require substantially more than an allegation that a defendant, by selling unspecified products, infringes a patent. In *McZeal*, for example, the Federal Circuit found a *pro se* patentee's infringement complaint sufficient under *Twombly* where it identified the asserted patent, named a specific accused product – the Motorola i930 "International Walkie Talkie Machine" – and made a general reference to a "line of wireless VoIP products," and alleged "enough detail to allow the defendants to answer." 501 F.3d at 1357. Only the specifics of how the accused product operates, and how

that relates to the infringement claim, are left for discovery. *Id*. at 1358. ATI, which is represented by counsel, and which should be held to a standard of pleading at least as rigorous as that of *pro se* litigants such as Mr. McZeal, has not alleged that *any* specific NAC product has "all of the basic elements of any of the patent claims."

**B. ATI has failed to state sufficient factual allegations to demonstrate its entitlement to relief.**

**i. Failure to Identify Specific Products Accused of Infringement.**

While ATI has pled *generic categories* of accused devices – "cooling devices and assemblies" – it has not identified even *one* specifically accused NAC product. Prior to bringing this suit against NAC, Rule 11 required that ATI, "at a bare minimum, apply the claims of each and every patent that is being brought into the lawsuit to an accused device [of NAC] and conclude that there is a reasonable basis for a finding of infringement of at least one claim of each patent so asserted." *View Engineering* 208 F.3d at 986; *see also* Judin v. United States, 110 F.3d 780, 784 (Fed. Cir. 1997) (reversing a denial of Rule 11 sanctions where "[n]o adequate explanation was offered for why [the patent holder and counsel] failed to obtain, or attempted to obtain, a sample of the accused device from the [defendant] or a vendor so that its actual design and functioning could be compared with the claims of the patent"). ATI should not be permitted to conceal the identity of specific products it believes NAC

infringes by making only oblique collective references in its complaint to the "cooling devices and assemblies" of the fifteen defendants, thereby compelling NAC to submit first to a potentially expensive and protracted discovery process for the sole purpose of enabling ATI to search for evidence that might justify this lawsuit. Such "fishing expeditions" have no place in a patent infringement case. Counsel must investigate their cases *first* and sue *second*, not the other way around. ATI is obliged to provide NAC with "fair notice of what the…claim is and the grounds upon which it rests," as the Supreme Court requires. *Twombly,* 550 U.S. 544.

Rather than furnishing NAC with proper notice of its claim, ATI makes the same insufficient allegations against all fifteen defendants in a single infringement count. The complaint simply alleges that "the [fifteen] defendants" (including NAC) infringe by selling unspecified products – a purely legal conclusion that cannot survive a motion under Rule 12 (b)(6). *See Iqbal,* 129 S.Ct. at 1949-50; *see also Hewlett-Packard Company v. Intergraph Corporation,* No. C 03-2517 MJJ, 2003 WL 23884794 (N.D. Cal. Sept. 6 2003) (motion to dismiss granted where plaintiff failed to identify the accused products with specificity and the defendant had multiple technology platforms implemented in numerous end-user applications); *Halo Electronics, Inc. v. Bel Fuse, Inc.,* No. 2:07-CV-07-00331-PMP-PAL, 2007 WL 2156332 (D. Nev. July 26 2007) (complaint for patent infringement found to be insufficient to satisfy

notice pleading requirements where plaintiff failed to allege the manner or means by which the defendants infringed the patents); *Bender v. National Semiconductor Corporation,* 2009 WL 4730896 (N.D. Cal. Dec. 7, 2009) (dismissing complaint for providing insufficient facts to state a claim, but granting leave to amend where plaintiff had proposed including a list of the defendant's infringing products by part number); *Elan Microelectonics Corporation v. Apple, Inc.*, 2009 WL 2972374 (N.D. Cal. Sept. 14 2009) (dismissing with leave to amend Apple's infringement counterclaims that identified "touch sensitive input devices or touchpads, including but not limited to the Smart-Pad" for "failure to allege sufficient facts under *Twombly and Iqbal*"). At best, ATI asserts facts that, if true, *could* be consistent with infringement; but mere consistency of ATI's allegations with liability does not create an entitlement to relief under *Ibqual*.

NAC also would take issue with any suggestion that ATI's complaint provides all the information required by Form 18 of the Appendix of Forms to the Federal Rules of Civil Procedure. Form 18 is calculated to address a single-defendant, single-invention, single-direct infringement case. A case of that sort is much less complex than this one, which involves multiple defendants, multiple forms of infringement, and presumably, multiple accused products. One accordingly would expect ATI's complaint to contain far more specific factual matter than what is alleged in Form 18. Instead, the complaint avoids

specifics. *Bender v. Motorola, Inc.,* No. 09-1245, 2010 WL 726739 *3 (N.D. Cal., Feb. 26, 2010) ("The form contemplates that the pleader identify the accused device with some semblance of specificity to alert the alleged infringer which device is at issue. It does not contemplate that the accused device or devices be described in terms of a multiplicity of generically-described product lines…as the plaintiff has done here.").

Curbing broad generic allegations such as those made by ATI in this case was focal point of *Iqbal*. ATI must come forth with factual allegations that identify *specific product*s believed to contain an infringing cold plate assembly, plus factual allegations that would establish its entitlement to relief. ATI's complaint, however, does not apply the claims of its patent to a single product of NAC, but rather, to a wide-ranging *category* of products – "cooling devices and assemblies" – of "the [fifteen] defendants" *collectively*. It has not – presumably because it *cannot* – allege *facts* demonstrating infringement by NAC.

In a patent infringement case, the plaintiff bears the burden of proof. *Ultra-Tex Surfaces, Inc. v. Hill Brothers Chemical Company,* 204 F.3d 1360, 1364 (Fed. Cir. 2000). NAC sells more than 150,000 kinds of electronic parts and components. NAC should not be compelled to "guess which of its products infringe nor guess how its products might fall within [ATI's] interpretation of the claims of the patent" at issue. *Bay Industries, Inc. v. Tru-Arx*

*Manufacturing, LLC*, No. 06-C-1010, 2006 WL 3469599, *2 (E.D. Wisc. Nov. 29 2006). "[B]y failing to identify any allegedly infringing product or to set forth a limiting parameter, [ATI] in effect is requiring [NAC] to compare its approximately [150,000] products to at least [10] claims of the ['512 Patent] in order to formulate a response." Id. at *2. This is blatantly unjust and utterly impractical.

Absent greater factual specificity, *Iqbal* precludes this attempt by ATI to "unlock the doors of discovery." Indeed, "[ATI] must do more than allege conclusorily the means by which [NAC and the other defendants] are infringing on [its '512] Patent and provide fair notice to [NAC and the other defendants] of the specific infringements alleged. Sufficient allegations would include, at a minimum, a brief description of what the patent at issue does, and an allegation that certain named and specifically identified products or product components also do what the patent does, thereby raising a plausible claim that the products are infringing." *Bender v. LG Electronics U.S.A., Inc.,* No. C 09-02114 JF (PVT), 2010 WL 889541 *3 (N.D. Cal., March 11 2010).

The "sue first, ask questions later" strategy of ATI comports with neither the letter nor the spirit of the Federal Rules of Civil Procedure and Supreme Court precedent. Under Rule 8 and Rule 12, ATI must make *factual allegations* that, if true, would entitle ATI to relief. ATI has failed to do so.

**ii. Failure to state elements of induced and contributory infringement**

The court should also dismiss the complaint with respect to ATI's allegations of induced and contributory infringement. The complaint filed by ATI alleges that "Defendants have each been and still are infringing the '512 Patent under 35 U.S.C. 271(b) by actively inducing direct infringement by end-users who operate and/or use cooling devices and assemblies that embody or otherwise practice one or more of the claims of the '512 Patent" and that "Defendants have each been and are still infringing the '512 Patent under 35 U.S.C. §271(c) by contributing to the direct infringement by end-users who operate and/or use cooling devices and assemblies that embody or otherwise practice one or more of the claims of the '512 Patent." [Doc. 1 at ¶¶25, 29]. Nowhere in these allegations, nor in the rest of the complaint, does ATI give NAC "fair notice of what the…claim is and the grounds upon which it rests," as required by Rule 8(a) of the Federal Rules of Civil Procedure under recent Supreme Court holdings. *Twombly,* 550 U.S. at 555; *Iqubal,* 129 S.Ct. at 1950-51.

The Federal Circuit has established three required elements for induced infringement under 35 U.S.C. §271(b). First, "inducement of infringement requires a predicate finding of direct infringement" by a third party. *BMC Resources, Inc. v. Paymentech, L.P.,* 498 F.3d 1373, 1380 (Fed. Cir. 2007); *see also ACCO Brands, Inc. v. ABA Locks Manufacturing Company,* 501 F.3d

1307, 1312 (Fed. Cir. 2007); *Anton/Bauer, Inc. v. PAG, Ltd.*, 329 F.3d 1343, 1349 (Fed. Cir. 2003). Second and third, a patentee must show that "the alleged infringer knowingly induced infringement and possessed specific intent to encourage another's infringement." *ACCO Brands,* 501 F.3d at 1312 (quotation omitted); *see also Warner-Lambert Company v. Apotex Corp.,* 316 F.3d 1348, 1364 (Fed. Cir. 2003) ("[W]e have already observed that precedent holds that mere knowledge of possible infringement by others does not amount to inducement; specific intent and action to induce infringement must be proven.") (citation omitted). The element of knowing inducement "requires evidence of culpable conduct, directed to encouraging another's infringement, not merely that the inducer had knowledge of the direct infringer's activities." *DSU Medical Corporation v. JMS Co., Ltd.,* 471 F.3d 1293, 1306 (Fed. Cir. 2006) (en banc in relevant part) (citations omitted).

ATI has failed to identify *any third parties* – other than its unduly vague reference to "end-users" – that it claims have been induced to infringe. ATI's conclusory assertions further lack any *facts* that would support an inference that NAC has acted to induce infringement, let alone the "purposeful, culpable expression and conduct" required by *DSU*, 471 F.3d at 1306; *see also AntiCancer Inc. v. Xenogen Corp.,* 248 F.R.D. 278, 282 (S.D. Cal. 2007) (granting motion to dismiss inducement claim where "Plaintiff has failed to plead any further facts beyond a bare statement of direct and indirect

infringement"); *Ristvedt-Johnson, Inc. v. Peltz,* No. 91 C 3273, 1991 WL 255691 at *5 (N.D. Ill. Nov. 18, 1991) (granting motion to dismiss inducement claim where "plaintiffs' allegations are so factually insufficient that they do not even suggest how or when the defendants induced…[or] intended to induce Brandt to infringe on the plaintiffs' patents"). ATI's assertion of induced infringement should be dismissed because the assertion in the complaint fails to allege any *facts* that NAC had the affirmative intent required to induce infringement. *See Coolsavings.com, Inc. v. Catalina Marketing Corporation & Supermarkets Online, Inc.,* No. 98 C 6668, 1999 WL 342431 at *2 (N.D. Ill. May 14, 1999) (granting motion to dismiss inducement claim "because it does not allege the requisite intent"); *Catapano v. Wyeth Ayerst Pharmaceuticals, Inc.*, 88 F.Supp 2d 27, 30 (E.D. N.Y. 2000) (granting motion to dismiss inducement claim because "mere knowledge that its customers use its products in the infringing manner does not demonstrate the requisite intent for claim of inducement") (citations omitted).

As for ATI's claim of contributory infringement against NAC, this claim is fatally deficient due to its failure to identify with specificity any specially adapted components of its patented device that NAC sells that have substantially no non-infringing uses, and its failure to identify with particularity any third-party direct infringer. *DSU,* 471 F.3d 1293, 1303 (Fed. Cir. 2006). Even before the advent of *Iqbal,* plaintiffs were required to include factual

allegations related to the most basic tenets of patent law. *See, e.g., PA Advisors, LLC v. Google, Inc.* 2008 WL 4136426 * 8 (Aug. 7, 2008) (granting leave to amend complaint where the identification of "users" was deemed insufficient to identify any direct infringer).

Mere apprehension by ATI that NAC may not be a direct infringer of its patent does not afford an adequate basis for sustaining allegations that NAC is actively inducing infringement of that patent or contributing to the infringement of that patent. ATI has not identified with particularity any acts of inducement or intent to induce. ATI has not specified any components sold or offered for sale by NAC that could have contributed to infringement by a third party, nor has it identified any third parties who directly infringed as a result of any such sales or offers of sale. ATI has not specified which claims the third parties are alleged to have directly infringed. There is no allegation by ATI as to how NAC obtained the requisite knowledge for indirect infringement. The entirety of ATI's complaint consists of little more than boilerplate language reciting generalized conclusions of direct, induced, and contributory infringement. Legal conclusions of this sort, as opposed to well-pled factual allegations, are not presumed to be true in the context of a motion to dismiss. *See Twombly*, 550 U.S. at 556-57. In short, NAC has not been given the "fair notice" that the law requires of either an inducement or contribution claim. *Id.,* 550 U.S. at 555.

## III. Conclusion

For all of the foregoing reasons, NAC respectfully requests that this Court dismiss the complaint of ATI.

Dated this 10th day of May 2010.

        **s/ Sidney W. Kilgore**
Sidney W. Kilgore, TRIAL COUNSEL
Florida Bar No. 0558907
Pennington, Moore, Wilkinson,
   Bell & Dunbar, P.A.
Island Center – Suite 900
2701 North Rocky Point Drive
Tampa, Florida 33607-5975
Tel. 813.639.9599
Fax 813.639.1488
E-mail:   skilgore@penningtonlaw.com

## Certificate of Service

I HEREBY CERTIFY that on 10 May 2010, I electronically filed the foregoing *MOTION OF THE DEFENDANT, NAC GROUP, INC., TO DISMISS COMPLAINT FOR FAILURE TO STATE A CLAIM UPON WHICH RELIEF MAY BE GRANTED* using the CM/ECF system.  I further certify that I mailed the aforesaid document and the notice of electronic filing to the following non-CM-ECF participants:

Linkdat, Inc.
Gideon Charles, Sr., President
9016 Lem Turner Road
Jacksonville, Florida 32208

W. Steven Chou
Law Offices of W. Steven Chou, PLC
14111 Freeway Drive – Suite 300
Santa Fe Springs, CA 90670

**s/ Sidney W. Kilgore**
Sidney W. Kilgore, TRIAL COUNSEL
Florida Bar No. 0558907
Pennington, Moore, Wilkinson,
   Bell & Dunbar, P.A.
Island Center – Suite 900
2701 North Rocky Point Drive
Tampa, Florida 33607-5975
Tel. 813.639.9599
Fax 813.639.1488
E-mail: skilgore@penningtonlaw.com
