**UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION**

**AMERICAN TECHNOLOGY, INC.,**
a Nevada corporation,

    **Plaintiff,**

vs.                                                    Case No. 6:10-cv-00488-ACC-GJK

**ALTIMA COMPUTERS, INC.,** a Florida corporation; **COOLERGUYS.COM, INC.,** a Nevada corporation; **CPUTOPIA, LLC,** a Nevada limited liability company; **FRONTIERPC.COM COMPUTER LLC,** a Delaware limited liability company; **IC INTRACOM HOLDINGS, LLC,** a Florida limited liability company; **LINKDAT, INC.,** a Florida corporation; **MARLIN P. JONES & ASSOCIATES, INC.,** a Florida corporation; **NAC GROUP, INC.,** a Florida corporation; **OUTLET PC.COM,** a Nevada corporation; **VELOCITY MICRO, INC.,** a Virginia corporation; **CYBERTRON INTERNATIONAL, INC.,** a Kansas corporation; **AMERICAN FUTURE TECHNOLOGY CORPORATION,** a California corporation; **SILICON MOUNTAIN HOLDINGS, INC.,** a Colorado corporation; **FROZENCPU.COM, INC.,** a New York corporation; and **RAIDMAX TECH., INC.,** a California corporation,

    **Defendants.**
_____/

**DEFENDANT IC INTRACOM HOLDINGS, LLC'S
<u>ANSWER AND AFFIRMATIVE DEFENSES</u>**

       Defendant, IC Intracom Holdings, LLC ("Intracom"), by and through its undersigned

attorneys, files the following Answer and Affirmative Defenses to the Complaint for Patent

Infringement filed by Plaintiff, American Technology, Inc. ("Plaintiff"), and responds to the corresponding numbered paragraphs of the Complaint as follows:

## PARTIES

1. Intracom lacks knowledge or information sufficient to form a belief as to the truth of, and therefore denies, the averments contained in paragraph 1 of Plaintiff's Complaint.

2. Intracom lacks knowledge or information sufficient to form a belief as to the truth of, and therefore denies, the averments contained in paragraph 2 of Plaintiff's Complaint.

3. Intracom lacks knowledge or information sufficient to form a belief as to the truth of, and therefore denies, the averments contained in paragraph 3 of Plaintiff's Complaint.

4. Intracom lacks knowledge or information sufficient to form a belief as to the truth of, and therefore denies, the averments contained in paragraph 4 of Plaintiff's Complaint.

5. Intracom lacks knowledge or information sufficient to form a belief as to the truth of, and therefore denies, the averments contained in paragraph 5 of Plaintiff's Complaint.

6. Intracom admits that it is a limited liability company organized and existing under the laws of the State of Florida, with a place of business located at 550 Commerce Boulevard, Oldsmar, Florida 34677-6819. Intracom denies the remaining averments contained in paragraph 6 of Plaintiff's Complaint.

7. Intracom lacks knowledge or information sufficient to form a belief as to the truth of, and therefore denies, the averments contained in paragraph 7 of Plaintiff's Complaint.

8. Intracom lacks knowledge or information sufficient to form a belief as to the truth of, and therefore denies, the averments contained in paragraph 8 of Plaintiff's Complaint.

9. Intracom lacks knowledge or information sufficient to form a belief as to the truth of, and therefore denies, the averments contained in paragraph 9 of Plaintiff's Complaint.

10. Intracom lacks knowledge or information sufficient to form a belief as to the truth of, and therefore denies, the averments contained in paragraph 10 of Plaintiff's Complaint.

11. Intracom lacks knowledge or information sufficient to form a belief as to the truth of, and therefore denies, the averments contained in paragraph 11 of Plaintiff's Complaint.

12. Intracom lacks knowledge or information sufficient to form a belief as to the truth of, and therefore denies, the averments contained in paragraph 12 of Plaintiff's Complaint.

13. Intracom lacks knowledge or information sufficient to form a belief as to the truth of, and therefore denies, the averments contained in paragraph 13 of Plaintiff's Complaint.

14. Intracom lacks knowledge or information sufficient to form a belief as to the truth of, and therefore denies, the averments contained in paragraph 14 of Plaintiff's Complaint.

15. Intracom lacks knowledge or information sufficient to form a belief as to the truth of, and therefore denies, the averments contained in paragraph 15 of Plaintiff's Complaint.

16. Intracom lacks knowledge or information sufficient to form a belief as to the truth of, and therefore denies, the averments contained in paragraph 16 of Plaintiff's Complaint.

**JURISDICTION AND VENUE**

17. In response to paragraph 17 of Plaintiff's Complaint, Intracom admits that Plaintiff purports to invoke the jurisdiction of this Court pursuant to 28 U.S.C. §§ 1331 and 1338(a) and that Plaintiff appears to be asserting a claim of patent infringement arising under the United States Patent Laws at Title 35, United States Code, 35 U.S.C. §§ 271 et. seq. Otherwise, Intracom denies the averments contained in paragraph 17 of Plaintiff's Complaint, and specifically denies that Plaintiff has stated any valid cause of action or is entitled to the relief sought.

18. Intracom denies the averments contained in paragraph 18 of Plaintiff's Complaint.

19. In response to paragraph 19 of Plaintiff's Complaint, Intracom admits that venue is proper in this Court, the Middle District of Florida, but otherwise denies the

averments contained in paragraph 19 of Plaintiff's Complaint, and specifically denies that Plaintiff has stated any valid cause of action or is entitled to the relief sought.

20. In response to paragraph 20 of Plaintiff's Complaint, Intracom admits that this Court has personal jurisdiction over it, but denies the remaining averments contained in paragraph 20 of Plaintiff's Complaint and specifically denies that Plaintiff has stated any valid cause of action or is entitled to the relief sought.

21. In response to paragraph 21 of Plaintiff's Complaint, Intracom admits that this Court has personal jurisdiction over it, but specifically denies that Plaintiff has stated any valid cause of action or is entitled to the relief sought.

**CLAIM FOR RELIEF
<u>INFRINGEMENT OF U.S. PATENT NO. 6,411,512</u>**

22. In response to paragraph 22 of Plaintiff's Complaint, Intracom incorporates and restates its responses to paragraphs 1 through 21 of Plaintiff's Complaint as though fully restated herein.

23. In response to paragraph 23 of Plaintiff's Complaint, Plaintiff admits that a document is attached to Plaintiff's Complaint as Exhibit "1," but states that that such document speaks for itself and refers the Court to such document for a full recitation of its terms. Intracom lacks knowledge or information sufficient to form a belief as to the truth of, and therefore denies, the remaining averments contained in paragraph 23 of Plaintiff's Complaint.

24. In response to paragraph 24 of Plaintiff's Complaint, Intracom lacks knowledge or information sufficient to form a belief as to the truth of, and therefore denies,

the averments pertaining to the other defendants named in Plaintiff's Complaint, but with respect to itself denies the averments contained in paragraph 24 of Plaintiff's Complaint.

25. In response to paragraph 25 of Plaintiff's Complaint, Intracom lacks knowledge or information sufficient to form a belief as to the truth of, and therefore denies, the averments pertaining to the other defendants named in Plaintiff's Complaint, but with respect to itself denies the averments contained in paragraph 25 of Plaintiff's Complaint.

26. In response to paragraph 26 of Plaintiff's Complaint, Intracom lacks knowledge or information sufficient to form a belief as to the truth of, and therefore denies, the averments pertaining to the other defendants named in Plaintiff's Complaint, but with respect to itself denies the averments contained in paragraph 26 of Plaintiff's Complaint.

27. In response to paragraph 27 of Plaintiff's Complaint, Intracom lacks knowledge or information sufficient to form a belief as to the truth of, and therefore denies, the averments pertaining to the other defendants named in Plaintiff's Complaint, but with respect to itself denies the averments contained in paragraph 27 of Plaintiff's Complaint.

28. In response to paragraph 28 of Plaintiff's Complaint, Intracom lacks knowledge or information sufficient to form a belief as to the truth of, and therefore denies, the averments pertaining to the other defendants named in Plaintiff's Complaint, but with respect to itself denies the averments contained in paragraph 28 of Plaintiff's Complaint.

29. In response to paragraph 29 of Plaintiff's Complaint, Intracom lacks knowledge or information sufficient to form a belief as to the truth of, and therefore denies, the averments pertaining to the other defendants named in Plaintiff's Complaint, but with respect to itself denies the averments contained in paragraph 29 of Plaintiff's Complaint.

30. In response to paragraph 30 of Plaintiff's Complaint, Intracom lacks knowledge or information sufficient to form a belief as to the truth of, and therefore denies, the averments pertaining to the other defendants named in Plaintiff's Complaint, but with respect to itself denies the averments contained in paragraph 30 of Plaintiff's Complaint.

31. In response to paragraph 31 of Plaintiff's Complaint, Intracom lacks knowledge or information sufficient to form a belief as to the truth of, and therefore denies, the averments pertaining to the other defendants named in Plaintiff's Complaint, but with respect to itself denies the averments contained in paragraph 31 of Plaintiff's Complaint.

32. In response to paragraph 32 of Plaintiff's Complaint, Intracom lacks knowledge or information sufficient to form a belief as to the truth of, and therefore denies, the averments pertaining to the other defendants named in Plaintiff's Complaint, but with respect to itself denies the averments contained in paragraph 32 of Plaintiff's Complaint.

33. In response to paragraph 33 of Plaintiff's Complaint, Intracom lacks knowledge or information sufficient to form a belief as to the truth of, and therefore denies, the averments pertaining to the other defendants named in Plaintiff's Complaint, but with respect to itself denies the averments contained in paragraph 33 of Plaintiff's Complaint.

34. In response to paragraph 34 of Plaintiff's Complaint, Intracom lacks knowledge or information sufficient to form a belief as to the truth of, and therefore denies, the averments pertaining to the other defendants named in Plaintiff's Complaint, but with respect to itself denies the averments contained in paragraph 34 of Plaintiff's Complaint.

35. In response to paragraph 35 of Plaintiff's Complaint, Intracom lacks knowledge or information sufficient to form a belief as to the truth of, and therefore denies,

the averments pertaining to the other defendants named in Plaintiff's Complaint, but with respect to itself denies the averments contained in paragraph 35 of Plaintiff's Complaint.

36. In response to paragraph 36 of Plaintiff's Complaint, Intracom lacks knowledge or information sufficient to form a belief as to the truth of, and therefore denies, the averments pertaining to the other defendants named in Plaintiff's Complaint, but with respect to itself denies the averments contained in paragraph 36 of Plaintiff's Complaint.

37. In response to paragraph 37 of Plaintiff's Complaint, Intracom lacks knowledge or information sufficient to form a belief as to the truth of, and therefore denies, the averments pertaining to the other defendants named in Plaintiff's Complaint, but with respect to itself denies the averments contained in paragraph 37 of Plaintiff's Complaint.

38. In response to paragraph 38 of Plaintiff's Complaint, Intracom denies that this is an exceptional case under 35 U.S.C. § 285 entitling Plaintiff to recover attorneys' fees from Intracom, and lacks knowledge or information sufficient to form a belief as to the truth of, and therefore denies, the remaining averments contained in paragraph 38 of Plaintiff's Complaint.

39. Intracom lacks knowledge or information sufficient to form a belief as to the truth of, and therefore denies, the averments contained in paragraph 39 of Plaintiff's Complaint.

WHEREFORE, Defendant, IC Intracom Holdings, LLC, respectfully requests that the Court dismiss the Complaint of Plaintiff, American Technology, Inc., as against Intracom, that Plaintiff take nothing from Intracom by this action, and that the Court award to Intracom

its reasonable attorneys' fees and costs incurred in defending this action and grant to Intracom such other and further relief as the Court deems just and appropriate.

## AFFIRMATIVE DEFENSES

### First Affirmative Defense

United States Patent No. 6,411,512 (the '512 patent), issued June 25, 2002, entitled "High Performance Cold Plate" is invalid and/or unenforceable for failure under one or more provisions of Title 35 of the United States Code, including, but not limited to, 35 U.S.C. §§ 101, 102, 103, 112, and 273.

### Second Affirmative Defense

Intracom has neither infringed, contributed to infringement of, nor induced infringement of, any of the claims of the '512 patent and is not making preparations to do so.

### Third Affirmative Defense

Plaintiff has not been injured in any manner as a result of any act of Intracom.

### Fourth Affirmative Defense

Plaintiff has failed to mitigate, minimize, or avoid any damages allegedly sustained.

### Fifth Affirmative Defense

Pursuant to 35 U.S.C. § 286, Plaintiff is barred from recovering any damages for acts that occurred more than six years prior to the filing of its Complaint.

### Sixth Affirmative Defense

On information and belief, Plaintiff has failed to comply with 35 U.S.C. § 287 and is barred from recovering any damages for acts that occurred prior to the date Intracom received notice of the alleged infringement.

SLK_TAM: #1225928v1

### Seventh Affirmative Defense

Pursuant to 35 U.S.C. § 288, Plaintiff is not entitled to any costs of this action.

### Eighth Affirmative Defense

Plaintiff's claims are barred by the doctrines of laches, estoppel, waiver, and/or acquiescence.

### Ninth Affirmative Defense

Plaintiff is barred by prosecution history estoppel from presenting certain interpretations of the asserted claims of the '512 patent necessary to find infringement by Intracom.

### Tenth Affirmative Defense

The relief requested by Plaintiff exceeds that permissible by law.

### Eleventh Affirmative Defense

Plaintiff lacks standing to assert the claims and seek relief set forth in the Complaint.

### Twelfth Affirmative Defense

The claims asserted by Plaintiff against Intracom have been directed to the wrong party.

### Thirteenth Affirmative Defense

Plaintiff has failed to state a claim upon which relief can be granted.

Respectfully submitted,

/s/ J. Todd Timmerman
J. Todd Timmerman, Esquire
Florida Bar No. 0956058
ttimmerman@slk-law.com
Shumaker, Loop & Kendrick, LLP
101 East Kennedy Boulevard
Suite 2800
Tampa, Florida 33602
Telephone: (813) 229-7600
Facsimile: (813) 229-1660

Attorney for Defendant, IC Intracom Holdings, LLC

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on May 11, 2010, I electronically filed the foregoing with the Clerk of the Court by using the CM/ECF system, which will send electronic filing to all counsel of record.

/s/ J. Todd Timmerman
J. Todd Timmerman, Esquire