UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

| | |
|---|---|
| AMERICAN TECHNOLOGY, INC. § § Plaintiff, § § vs. § § ALTIMA COMPUTERS, INC., § COOLERGUYS.COM, INC., CPUTOPIA, § LLC, FRONTIERPC.COM COMPUTER § LLC, IC INTRACOM HOLDINGS, LLC, § LINKDAT, INC., MARLIN P. JONES & § ASSOCIATES, INC., NAC GROUP, INC., § OUTLET PC.COM, VELOCITY MICRO, § INC., CYBERTRON INTERNATIONAL, § INC., AMERICAN FUTURE § TECHNOLOGY CORPORATION, § SILICON MOUNTAIN HOLDINGS, INC., § FROZENCPU.COM, INC., and RAIDMAX § TECH., INC. § § Defendants. § § | Case No. 6:10-CV-488-ORL-22GJK Jury Trial Demanded |

**DEFENDANT FROZENCPU.COM, INC.'S MOTION TO DISMISS**

Defendant FrozenCPU.com, Inc. ("FrozenCPU") moves to dismiss plaintiff American Technology, Inc.'s ("American") claim of patent infringement under Federal Rule of Civil Procedure 12(b)(6) and the Supreme Court's decisions in *Twombly*[1] and *Iqbal*[2]. American's Complaint for Patent Infringement & Demand for Jury Trial ("Complaint") does not identify any accused products, and therefore fails to satisfy the requirements of Rule 8(a), and should be dismissed under Rule 12(b)(6).

Under Federal Rules of Civil Procedure 8(a)(2) and 12(b)(6), a pleading that does not contain "a short and plain statement of the claim showing that the pleader is entitled to relief"

---

[1] *Bell Atl. Corp. v. Twombly*, 550 U.S. 544 (2007).
[2] *Ashcroft v. Iqbal*, 129 S.Ct. 1937 (2009).

1

must be dismissed.[3] The claim as pled must be plausible on its face.[4] For a claim of patent infringement to be plausible on its face, the plaintiff must at least identify the product(s) that are accused of infringement.[5] This is only logical, given the Rule 11 requirement that, in preparing a patent infringement complaint, "an attorney [must] interpret the asserted patent claims and compare the accused device with those claims before filing a claim alleging infringement."[6] Any plaintiff who has conducted a proper Rule 11 analysis should at least be able to *identify* the accused products.

Here, American's Complaint does not identify any products sold by the fifteen different defendants, instead averring only generally that:

> Defendants have each infringed and continue to infringe the '512 Patent by making, using, selling, and/or importing in the United States, cooling devices and assemblies that embody or otherwise practice one or more of the claims of the '512 Patent.[7]

There are many different kinds of "cooling devices and assemblies" and techniques for cooling computer components, including passive heat sinks, active heat sinks, thermoelectric cooling, water cooling, heat pipes, soft cooling techniques, nitrogen cooling, helium cooling, and undervolting. Not all of these, however, are sold by every defendant. This general allegation is

---

[3] Fed. R. Civ. P. 8(a)(2), 12(b)(6).
[4] *See McZeal v. Sprint Nextel Corp.*, 501 F.3d 1354, 1356 (Fed. Cir. 2007) (question for the Court is "whether, in the light most favorable to the plaintiff, the complaint states a valid claim for relief") (internal quotations omitted). *Twombly*, 550 U.S at 555–56, 570 ("[W]e do not require heightened fact pleading of specifics, but only enough facts to state a claim to relief that is plausible on its face."); *see also Iqbal*, 129 S. Ct. at 1949–50, 1953 (discussing *Twombly* and applying *Twombly* generally to civil actions pleaded under Rule 8).
[5] *See Ricoh Co., Ltd. v. Asustek Computer, Inc.*, 481 F.Supp.2d 954, 959 (W.D. Wis. 2007) ("In the context of alleged patent infringement, this means at least that the plaintiff must tell the defendant which products allegedly infringe the plaintiff's patent."); *Fifth Market, Inc. v. CME Group, Inc.*, No. 1:08-CV-00520-GMS (D. Del. May 14, 2009) (granting motion to dismiss even where the accused product was mentioned in the factual background of the complaint); *In re Papst Licensing GmbH & Co. KG Litigation*, No. 08-CV-1405, 2008 WL 4865196, at *1-2 (D.D.C. Nov. 12, 2008) (granting a motion to dismiss without leave to amend where the original complaint alleged "a reasonable opportunity for further investigation or discovery is likely to provide evidentiary support" and then, the amended complaint alleged "upon information and belief the … [d]efendants have made, used, sold or offered to sell … digital cameras which infringe the Patents in Suit."); *Anticancer, Inc. v. Xenogen Corp.*, 248 F.R.D. 278 (S.D. Cal. 2007) (granting a motion to dismiss where the plaintiff pled nothing more than statements of direct and indirect infringement).
[6] *Q-Pharma, Inc. v. Andrew Jergens, Co.*, 360 F.3d 1295, 1300-01 (Fed. Cir. 2004).
[7] Complaint, ¶ 24.

therefore insufficient to put the fifteen different defendants on notice as to which product(s) each sells that allegedly infringe(s) one or more (unspecified) claims of the asserted patent, and fails to set out a plausible for claim of patent infringement.  American's Complaint should therefore be dismissed under Rule 12(b)(6).

Dated:  May 12, 2010

/s/  Thomas Todd Pittenger
T. Todd Pittenger, Esquire
Florida Bar No. 0768936
Lowndes Drosdick Doster Kantor & Reed, P.A.
450 South Orange Avenue, Suite 800
Orlando, FL 32801-3344
Direct: (407) 418-6282
Office: (407) 843-4600
Fax: (407) 843-4444
todd.pittenger@lowndes-law.com


John G. Fischer
Texas State Bar No. 00795890
jgfischer@stormllp.com
Anthony P. Miller
Texas Bar No. 24041484
amiller@stormllp.com
Storm LLP
901 Main Street, Suite 7100
Dallas, Texas 75201
Phone: (214) 347-4700
Fax: (214) 347-4799

**ATTORNEYS FOR DEFENDANT FROZENCPU.COM, INC.**

**CERTIFICATE OF SERVICE**

I, John G. Fischer, hereby certify that on May 12, 2010, I caused a true and correct copy of the foregoing motion to be served on all counsel of record *via* the Court's ECF system.

/s/ Thomas Todd Pittenger
T. Todd Pittenger