IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

| | |
|---|---|
| AMERICAN TECHNOLOGY, INC., a Nevada corporation,<br><br>　　　　Plaintiff,<br><br>　vs.<br><br>ALTIMA COMPUTERS, INC., a Florida corporation; COOLERGUYS.COM, INC., a Nevada corporation; CPUTOPIA, LLC, a Nevada limited liability company; FRONTIERPC.COM COMPUTER LLC, a Delaware limited liability company; IC INTRACOM HOLDINGS, LLC, a Florida limited liability company; LINKDAT INC, a Florida corporation; MARLIN P. JONES & ASSOCIATES, INC., a Florida corporation; NAC GROUP, INC., a Florida corporation; OUTLET PC.COM, a Nevada corporation; VELOCITY MICRO, INC., a Virginia corporation; CYBERTRON INTERNATIONAL, INC., a Kansas corporation; AMERICAN FUTURE TECHNOLOGY CORPORATION, a California corporation; SILICON MOUNTAIN HOLDINGS, INC., a Colorado corporation; FROZENCPU.COM, INC., a New York corporation; and RAIDMAX TECH., INC., a California corporation,<br><br>　　　　Defendants. | CASE NO. 6:10-CV-488-ORL-22GJK<br><br>Trial Date:　　　　None Set |

**ANSWER TO SILICON MOUNTAIN HOLDINGS, INC.'S COUNTERCLAIMS**

Plaintiff / Counter-Defendant American Technology, Inc. ("ATI"), through counsel, responds to Defendant / Counter-Plaintiff Silicon Mountain Holdings, Inc.'s ("SMH") Counterclaims as follows:

1. ATI admits that SMH purports to assert claims for declaratory judgment. ATI denies the remaining allegations of paragraph 1 of the Counterclaims.

2. ATI admits the allegations of paragraph 2 of the Counterclaims.

3. ATI admits that it is a Nevada corporation. ATI denies the remaining allegations of paragraph 3 of the Counterclaims.

4. ATI admits the allegations of paragraph 4 of the Counterclaims.

5. ATI denies the allegations of paragraph 5 of the Counterclaims.

6. ATI admits that it is subject to the personal jurisdiction of this Court in this case. ATI denies the remaining allegations of paragraph 6 of the Counterclaims.

7. ATI admits the allegations of paragraph 7 of the Counterclaims.

## Count I

8. ATI incorporates its responses to Paragraphs 1-7 of the Counterclaims in response to paragraph 8 of the Counterclaims.

9. ATI admits that SMH purports to assert claims for declaratory judgment relating to the patent laws of the United States. ATI denies the remaining allegations of paragraph 9 of the Counterclaims.

10. ATI admits the allegations of paragraph 10 of the Counterclaims.

11. ATI denies the allegations of paragraph 11 of the Counterclaims.

12. ATI denies the allegations of paragraph 12 of the Counterclaims.

13. ATI denies the allegations of paragraph 13 of the Counterclaims.

14. ATI denies the allegations of paragraph 14 of the Counterclaims.

15. ATI admits that the '512 patent issued on June 25, 2002 from an application filed on November 21, 2000. However, the '512 patent claims priority from an earlier application filed on June 29, 1999.

16. ATI admits that in an office action dated September 27, 2001, the USPTO Examiner rejected the claims then pending in Application No. 09/718,611. ATI denies the remaining allegations of paragraph 16 of the Counterclaims.

17. ATI admits that in an office action dated September 27, 2001, the USPTO Examiner rejected then pending claims 1, 5, and 9 in Application No. 09/718,611 as being anticipated by the Tanaka Patent. ATI denies the remaining allegations of paragraph 17 of the Counterclaims.

18. ATI admits that in an office action dated September 27, 2001, the USPTO Examiner rejected then pending claims 2-4, 6-8, and 10-12 in Application No. 09/718,611 as being obvious in view of the Tanaka Patent. ATI denies the remaining allegations of paragraph 18 of the Counterclaims.

19. ATI admits that on October 31, 2001, the applicants on patent application 09/718,611 cancelled then pending claims 1-12 and added new claims 13-22. ATI denies the remaining allegations of paragraph 19 of the Counterclaims.

20. In response to paragraph 20 of the Counterclaims, ATI responds that the applicants of patent application 09/718,611 stated many things in their response to the office action. That response to the office action speaks for itself. ATI denies the remaining allegations of paragraph 20 of the Counterclaims.

21. ATI denies the allegations of paragraph 21 of the Counterclaims.

22. ATI denies the allegations of paragraph 22 of the Counterclaims.

23. ATI does not understand what is being alleged in paragraph 23 of the Counterclaims, and on that basis denies the allegations of paragraph 23 of the Counterclaims.

24. ATI does not understand what is being alleged in paragraph 24 of the Counterclaims, and on that basis denies the allegations of paragraph 24 of the Counterclaims.

25. ATI does not understand what is being alleged in paragraph 25 of the Counterclaims, and on that basis denies the allegations of paragraph 25 of the Counterclaims.

26. In response to paragraph 26 of the Counterclaims, ATI responds that a product itself cannot infringe a patent; rather, it is the making, using, offering for sale, selling or importing of a product that may infringe a patent. ATI denies the remaining allegations of paragraph 26 of the Counterclaims.

27. ATI denies the allegations of paragraph 27 of the Counterclaims.

28. ATI denies the allegations of paragraph 28 of the Counterclaims.

29. ATI denies the allegations of paragraph 29 of the Counterclaims.

30. ATI denies the allegations of paragraph 30 of the Counterclaims.

31. ATI denies the allegations of paragraph 31 of the Counterclaims.

32. ATI denies the allegations of paragraph 32 of the Counterclaims.

33. ATI denies the allegations of paragraph 33 of the Counterclaims.

## Count II

34. ATI incorporates its responses to Paragraphs 1-33 of the Counterclaims in response to paragraph 34 of the Counterclaims.

35.  ATI admits that SMH purports to assert claims for declaratory judgment relating to the patent laws of the United States. ATI denies the remaining allegations of paragraph 35 of the Counterclaims.

36.  ATI admits the allegations of paragraph 36 of the Counterclaims.

37.  ATI denies the allegations of paragraph 37 of the Counterclaims.

38.  ATI denies the allegations of paragraph 38 of the Counterclaims.

### Relief Requested

ATI denies that SMH is entitled to the relief requested, or any relief whatsoever.

### AFFIRMATIVE DEFENSES

First Affirmative Defense:

SMH's Counterclaims fail to state a claim upon which relief may be granted, and, in particular, fail to state a claim on which there is a justifiable ground for an action for declaratory judgment, because all the matters asserted in SMH's Counterclaims can and should be fully adjudicated on ATI's claims against SMH for infringement of the '512 patent.

Second Affirmative Defense:

SMH's Counterclaims fail to state a claim for declaratory judgment of invalidity. Specifically, SMH's Counterclaims do not allege that the properly construed claims of the '512 patent are anticipated by, or obvious in view of, any prior art reference.

1435-1001 / 129918.1

<u>Third Affirmative Defense:</u>

SMH's Counterclaims fail to state a claim for declaratory judgment of unenforceability. Specifically, SMH's Counterclaims do not allege any conduct that could render the '512 patent unenforceable.

WHEREFORE, plaintiff ATI prays for dismissal of SMH's counterclaims, requests costs and attorneys' fees pursuant to 35 U.S.C. § 285 and prays for such other and further relief as the Court deems appropriate.

Dated this 28th day of May, 2010.

By: _____
KEVIN I. SHENKMAN (admitted pro hac vice)
ZUBER & TAILLIEU LLP
10866 Wilshire Boulevard, Suite 300
Los Angeles, California 90024
Telephone: (310) 807-9700
Facsimile: (310) 807-9701

Attorneys for Plaintiff
AMERICAN TECHNOLOGY, INC.

1435-1001 / 129918.1

# CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a true and correct copy of the foregoing **ANSWER TO SILICON MOUNTAIN HOLDINGS, INC.'S COUNTERCLAIMS** has been electronically filed with the Clerk of the Court using the CM/ECF system on this 28th day of May, 2010 and which will electronically transmit an electronic copy to:

James H. Beusse
Amber N. Davis
BEUSSE WOLTER SANKS MORA &
MAIRE, P.A.
390 North Orange Avenue
Suite 2500
Orlando, FL 32801
Telephone : (407) 926-7702
Facsimile: (407) 926-7720
jbeusse@cfl.rr.com
adavis@iplawfl.com
*Attorneys for Defendant MARLIN P. JONES & ASSOCIATES, INC.*

Sidney W. Kilgore
PENNINGTON, MOORE, WILKINSON,
BELL & DUNBAR, P.A.
Island Center – Suite 900
2701 North Rocky Point Drive
Tampa, Florida 33607-5975
Telephone: (813) 639-9599
Facsimile: (813) 639-1488
skilgore@penningtonlaw.com
*Attorney for Defendant NAC GROUP, INC.*

Mark Terry
OFFICE OF MARK TERRY, ESQ.
801 Brickell Ave.
Suite 900
Miami, FL 33131
Telephone : (786) 443-7720
Facsimile: (786) 513-0381
mark@terryfirm.com
*Attorney for Cputopia LLC and Raidmax Tech, Inc.*

Matthew S. Sarelson
SARELSON LAW FIRM, PA
1401 Brickell Ave.
Suite 510
Miami, FL 33131
Telephone : (305) 379-0305
Facsimile: (800) 421-9954
msarelson@sarelson.com
*Attorney for Cputopia LLC*

John Todd Timmerman
SHUMAKER, LOOP & KENDRICK LLP
101 E. Kennedy Blvd.
Suite 2800
Tampa, FL 33672-0609
Telephone : (813) 229-7600
Facsimile: (813) 229-1660
ttimmerman@slk-law.com
*Attorney for IC Intracom Holdings LLC*

James A. Edwards
HEWITT WOLENSKY LLP
875 Concourse Pkwy S
Suite 220
Maitland, FL 32751
Telephone : (407) 645-5050
Facsimile: (407) 645-5550
jedwards@hwlawonline.com
*Attorney for Velocity Micro, Inc.*

Ava K. Doppelt
Jeffrey Scott Boyles
ALLEN DYER DOPPELT MILBRATH &
GILCHRIST PA
225 S. Orange Ave.
Suite 1401
Orlando, FL 32802-3791
Telephone : (407) 841-2330
Facsimile: (407) 841-2343
adoppelt@addmg.com
jboyles@addmg.com
*Attorneys for Silicon Mountain Holdings, Inc.*

W. Steven Chou
LAW OFFICES OF W. STEVEN CHOU PLC
14111 Freeway Dr.
Suite 300
Santa Fe Springs, CA 90670
Telephone : (562) 407-9333
*Attorney for Raidmax Tech., Inc.*

Anthony P. Miller
John G. Fisher
STORM LLP
901 Main Street, Suite #7100
Dallas, TX 75202
Telephone: (214) 347-4700
Facsimile: (214) 347-4799
*Attorneys for FrozenCPU.com, Inc.*

Thomas Todd Pittenger
LOWNDES, DROSDICK, DOSTER,
KANTOR & REED, PA
215 N Eola Dr
PO Box 2809
Orlando, FL 32802-2809
Telephone: (407) 843-4600 Ext 282
Facsimile: (407) 843-4444
todd.pittenger@lowndes-law.com
*Attorney for FrozenCPU.com, Inc.*

By: _____
Kevin I. Shenkman

to:

1435-1001 / 129918.1